DECISION OF DISMISSAL
This matter is before the court on Defendant's Motion to Dismiss, filed on March 22, 2010, requesting that the Complaint be dismissed for the 2008-09 tax year.
A case management conference was held April 20, 2010. Gordon E. Brown participated on his own behalf; Ken Collmer appeared for Defendant.
This appeal concerns residential property identified as Account R294557. For tax year 2008-09, Plaintiff appealed to the Multnomah County Board of Property Tax Appeals (BOPTA). Defendant's RMV was sustained by BOPTA. An appeal to this court was not then submitted because Plaintiff stated he was unaware of the process. For that year, Plaintiffs Complaint was filed on March 10, 2010. He now requests a reduction in the 2008-09 real market value (RMV) from $339,950 to $323,580.
For tax year 2009-10, Plaintiff attempted to appeal to BOPTA. His appeal was rejected as late; he states he was prevented from mailing by inclement weather on December 31, 2009. There is no exception value for that year; Defendant stated that there was no tax refund possible for that year. Plaintiff did not appeal the 2009-10 tax year to this court. *Page 2 
Oregon has a structured appeals system for taxpayers to follow when challenging the
RMV assigned to their properties. The first step in the appeal process is to a county BOPTA. Taxpayers are required to file appeals with the appropriate county board by December 31 of the current tax year. ORS 309.100(2).[1]
The tax year at issue is 2008-09. Plaintiff did then appeal to BOPTA. Upon mailing of the BOPTA Order on February 24, 2009, Plaintiff had 30 days to timely file with this court. ORS 305.280(4). The appeal was late.
However, some situations occur which prevent a taxpayer from timely appealing to the Oregon tax Court. As a result, the legislature granted this court authority to review untimely appeals when the taxpayer establishes "good and sufficient cause" for not timely pursuing a statutory right of appeal. ORS 305.288(3).
ORS 305.288(3) states:
 "The tax court may order a change or correction * * * to the assessment or tax roll for the current tax year and for either of the two tax years immediately preceding the current tax year if, for the year to which the change or correction is applicable the * * * taxpayer has no statutory right of appeal remaining and the tax court determines that good and sufficient cause exists for the failure by the * * * taxpayer to pursue the statutory right of appeal."
(Emphasis added.)
That statute defines good and sufficient cause as follows:
 ""Good and sufficient cause?:
 "(A) Means an extraordinary circumstance that is beyond the control of the taxpayer, or the taxpayer's agent or representative, and that causes the taxpayer, agent or representative to fail to pursue the statutory right of appeal; and *Page 3 
 "(B) Does not include inadvertence, oversight, lack of knowledge, hardship or reliance on misleading information provided by any person except an authorized tax official providing the relevant misleading information."
ORS 305.288(5)(b) (emphasis added).
For tax year 2008-09, an appeal was not earlier filed with the court because Plaintiff stated he was unaware of the process. The inclement weather a year later is not relevant to the prior situation. As a result, the court finds good and sufficient cause is lacking for the failure to timely pursue an appeal for the 2008-09 tax year.
The second circumstance under which the court can hear a taxpayer's case is if it concludes there is a gross error. ORS 305.288(1) sets forth when the court shall order a correction under that approach. The statute states:
 "The tax court shall order a change or correction * * * to the assessment and tax roll for the current tax year or for either of the two tax years immediately preceding the current tax year * * * if all of the following conditions exist:
 "(a) For the tax year to which the change or correction is applicable, the property was or is used primarily as a dwelling * * * .
 "(b) The change or correction requested is a change in value for the property for the tax year and it is asserted in the request and determined by the tax court that the difference between the real value of the property for the tax year and the real market value on the assessment and tax roll for the tax year is equal to or greater than 20 percent."
(Emphasis added.) *Page 4 
Here, the value range alleged by Plaintiff is less than twenty percent. On a review of the pleadings, there is no showing of a gross error. Now, therefore,
IT IS THE DECISION OF THIS COURT that this matter be dismissed.
Dated this ___ day of May 2010.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailingto: 1163 State Street, Salem, OR 97301-2563; or byhand delivery to: Fourth Floor,1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60days after the date of the Decision or this Decision becomesfinal and cannot be changed.
 This document was signed by Magistrate Jeffrey S. Mattsonon May 12, 2010. The court filed and entered this documenton May 12, 2010.
[1] All references to the Oregon Revised Statutes (ORS) are to 2007.